UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK R. HUTCHINSON | ) | Case No. 04-40835 |
| | ) | Chapter 7 |
| Debtor(s) | ) | |

| | | |
|---|---|---|
| MARK R. HUTCHINSON | ) | |
| | ) | |
| Plaintiff(s) | ) | AP No. 10-4018 |
| vs. | ) | |
| REPUBLIC BANK & TRUST COMPANY | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the motion for summary judgment filed by the Debtor, Mark R. Hutchinson ("Hutchinson"). Hutchinson requests that the Court grant him summary judgment and (1) allow him to amend his bankruptcy schedules to add Republic Bank & Trust Company, ("Republic"), as a creditor and (2) issue a declaratory judgment finding the claims asserted by Republic in Daviess Circuit Court, Civil Action No. 10-CI-00258, are pre-petition claims discharged in Hutchinson's 2004 bankruptcy case. Republic opposes the motion and contends its claims against Hutchinson are not covered by the discharge entered in the 2004 bankruptcy case.

**FACTS**

1. In 1996, Hutchinson prepared a real estate mortgage for Republic, which listed the legal descriptions of six parcels of land. Five of the six parcels described in the mortgage are located in Daviess County, Kentucky, and one is located in Henderson County, Kentucky.

1

2. Although the mortgage was recorded in Daviess County, Kentucky, it was not recorded in Henderson County, Kentucky.

3. On April 19, 2004, Hutchinson filed a Chapter 7 Voluntary Petition. Hutchinson did not list Republic as a creditor in his bankruptcy case.

4. On August 10, 2004, Hutchinson received a discharge.

5. On October 11, 2004, the Chapter 7 Trustee filed a report certifying this bankruptcy case as a "no asset" bankruptcy case, meaning there would be no distribution to unsecured creditors. Because of the no asset status of the case, the Clerk of Court did not send out a notice setting a bar date for filing proofs of claims.

6. On October 12, 2004, the Clerk of Court entered a final decree and closed the case.

7. On February 16, 2010, Republic filed a Complaint against Hutchinson in Daviess Circuit Court, Kentucky, Civil Action No. 10-CI-00258, alleging Hutchinson committed negligence while handling the previously mentioned mortgages.

8. On March 25, 2010, Hutchinson reopened his bankruptcy case and on April 8, 2010, he filed this adversary proceeding seeking a determination that any damages arising from his allegedly negligent conduct in 1996 were discharged by the discharge order entered in August, 2004.

9. Republic answered the complaint denying that the damages constitute pre-petition debt. Instead, Republic argued the damages constitute post petition claims and therefore not subject to the August, 2004 discharge order. Republic contends that because it could not act until 2009, the date Republic learned of Hutchinson's alleged negligence, the damages constitute post petition claims.

10.  At a pre-trial conference held on June 21, 2010, the parties stipulated that the only issue in controversy was whether the damages constituted a pre-petition debt covered by the discharge.

## CONCLUSIONS OF LAW

Republic has not alleged that the damages arising from Hutchinson's allegedly negligent actions should be excepted from discharge under 11 U.S.C. § 523. None of the subsections contained in that provision of the Code would make the damages for simple negligence non-dischargeable in a bankruptcy proceeding. Instead, the parties correctly focus on the single issue of the timing of Republic's claims against Hutchinson.

The Bankruptcy Code defines a "claim" as

> [a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured....

11 U.S.C. § 101(5) (2008). The legislative history associated with this section is clear in that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case ... [and] permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 95-595, at 309. The Supreme Court echoed this sentiment holding that "claim" has "the broadest available definition ... ." FCC v. NextWave Pers. Commc'ns Inc., 537 U.S. 293, 302, 123 S.Ct. 832, 154 L.Ed.2d 863 (2003) (quoting Johnson v. Home State Bank, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)).

Hutchinson contends that any damages arising from his allegedly negligent acts fall under the definition of claim. Republic, however, focuses more on the "right to payment" portion of the definition of claim. According to Republic, as it did not have a "right to payment" until after the

3

filing of the bankruptcy case, its claims are post petition claims. The Court believes Republic's interpretation of the term "claim" is far too restrictive. Republic seems to be echoing the logic used by the Third Circuit in <u>Avellino & Bienes v. M. Frenville Co. (Matter of M. Frenville Co.)</u>, 744 F.2d 332 (3d Cir.1984). Like Republic, the <u>Frenville</u> court focused on the "right to payment" language in § 101(5). As many courts held, and the Third Circuit now agrees, such an approach too narrowly restricted the breadth of the term claim and failed to give enough weight to the terms modifying right to payment: "contingent," "unmatured," and "unliquidated." <u>In re Grossman's Inc.</u>, 607 F.3d 114 (3rd Cir. 2010); <u>Epstein v. Official Commonwealth. of Unsecured Creditors of the Estate of Piper Aircraft Corp. (In re Piper Aircraft, Corp.)</u>, 58 F.3d 1573, 1576 n. 2 (11th Cir.1995). The Third Circuit recognized in the <u>Grossman's</u> case, that the <u>Frenville</u> approach is too restrictive and does "not account for the fact that a "claim" can exist under the Code before a right to payment exists under state law." <u>Grossman's</u> at 121. This Court fully concurs with the Third Circuit's approach in <u>Grossman's</u>.

Having established that the term "claim" should be given the broadest possible meaning, the question now turns to when the claim arose. Unless excepted from discharge under 11 U.S.C. § 523, under 11 U.S.C. § 727(b), all claims that arise before the date of the bankruptcy petition are discharged. <u>In re Romano</u>, 2003 WL 731723 (6th Cir. 2003). Two generally accepted tests have been applied to resolve this question. Some courts have applied what has been termed the "conduct test" while other courts have applied what has been termed the "pre-petition relationship test." Under the "conduct test," the claim arises "when the acts giving rise to [the defendant's] liability were performed, not when the harm caused by those acts was manifested." <u>Grady v. A.H. Robins Co.</u>, 839 F.2d 198, 199-02 (4th Cir.1988). Alternatively, under the "pre-petition relationship test,"

4

a claim arises at the time of the conduct, and there must be a pre-petition relationship between the debtor and the claimant. In re Piper, 58 F.3d at 1576.

In this case, the Court does not have to pick between the two tests, as Republic's claims against Hutchinson satisfy both tests. Clearly, all the acts [the alleged negligence] took place in 1996, well before the filing of the bankruptcy petition in 2004. Likewise, a relationship existed between Hutchinson and Republic (attorney / client). Thus, under either test, this claim arose pre-petition. As a pre-petition claim, 11 U.S.C. § 727 discharged Hutchinson from any personal liability on the claim.

This takes the Court to Hutchinson's request that he be allowed to amend his bankruptcy schedules to add Republic as a creditor. "Under the Bankruptcy Code, there is no requirement that a claim be scheduled in order to be discharged." In re Romano, 2003 WL 731723 (6th Cir. 2003); In re Madaj, 149 B.R. 467, 472 (6th Cir. 1998). The rule announced in Madaj is that an unlisted debt in a no-asset case, such as the case before this Court, if not nondischargeable on other grounds, is still discharged by the order of discharge. As such, in this no-asset case, there is no need for Hutchinson to amend his schedules to add Republic. Such an exercise would be a legal nullity because Republic's claim is now discharged. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

David T. Stosberg
United States Bankruptcy Judge

Dated: August 12, 2010

5

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARK R. HUTCHINSON | ) | Case No. 04-40835 |
| | ) | Chapter 7 |
| Debtor | ) | |

| | | |
|---|---|---|
| MARK R. HUTCHINSON | ) | |
| | ) | |
| Plaintiff | ) | AP No. 10-4018 |
| vs. | ) | |
| REPUBLIC BANK & TRUST COMPANY | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

Pursuant to the Court's Memorandum Opinion entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

It is hereby **ORDERED** that Summary Judgment is **GRANTED** in favor of Hutchinson. Republic's claims asserted in Daviess Circuit Court, Civil Action No. 10-CI-00258 arose pre-petition to Bankruptcy Case No. 04-40835, and, as such, were discharged therein

It is further **ORDERED** that Hutchinson's request to amend his schedules to add Republic Bank & Trust Company as a Creditor is **OVERRULED**.

David T. Stosberg
United States Bankruptcy Judge

Dated: August 12, 2010